NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0070n.06

No. 23-5297

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 21, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| v. | ) ) | UNITED STATES DISTRICT COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| ANTWAN BEASON, | ) | |
| Defendant-Appellant. | ) ) | OPINION |
| | ) | |

Before: KETHLEDGE, BUSH, and READLER, Circuit Judges.

KETHLEDGE, Circuit Judge. Antwan Beason pled guilty to a drug-conspiracy charge and now appeals his sentence, arguing that the district court should not have credited the testimony of all three of his co-conspirators. We reject his arguments and affirm.

Beason was a member of a four-person conspiracy to sell drugs in eastern Kentucky. In 2021, all four members of the conspiracy were arrested; Beason later pled guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846. In Beason's presentence report, the probation officer recommended increasing his offense level by two points, based on a proposed finding that Beason had possessed a firearm in connection with his crime. *See* U.S.S.G. § 2D1.1(b)(1). Beason objected to that recommendation.

During Beason's sentencing hearing, all three of his co-conspirators—Trey Pankey, Stephen Barger, and Calvin Estep—testified for the government. Pankey and Barger each testified that Beason "always" carried a gun while trafficking drugs. Pankey also said that Beason once

traded "an ounce of dope" for a gun, which Beason then gave to Pankey for his protection. Estep likewise testified that, throughout the conspiracy, Beason regularly traded drugs for guns. He also said that, after Estep failed to pay off a drug debt, Beason brandished a gun at him. On cross-examination, each co-conspirator admitted that he was testifying in the hope of receiving a lesser sentence in his own case. Beason did not testify or otherwise present evidence at the hearing.

The district court found all three witnesses credible and concluded—based on their testimony—that Beason had possessed a firearm during and in connection with the drug-trafficking conspiracy. Under the Sentencing Guidelines, a defendant convicted of a federal drug-trafficking crime receives a two-level sentencing enhancement if he possessed a firearm "during the commission of the offense" and fails to rebut the presumption that the firearm was connected to the offense. *See* U.S.S.G. § 2D1.1(b)(1); *United States v. Kennedy*, 65 F.4th 314, 318 (6th Cir. 2023). The court therefore applied the two-level enhancement and sentenced Beason to 188 months' imprisonment, the bottom of his guidelines range.

Beason's sole argument on appeal is that the district court erred when it found that he possessed a firearm "during the commission of the offense." We review that finding for clear error, giving the district court's credibility determinations considerable deference. *See United States v. Wallace*, 51 F.4th 177, 183 (6th Cir. 2022); *United States v. Moses*, 289 F.3d 847, 851 (6th Cir. 2002). Witness testimony that the court deems credible is typically enough to support a court's factual finding. *See United States v. Jeross*, 521 F.3d 562, 570 (6th Cir. 2008).

Here, the district court credited the testimony of Beason's co-conspirators, and thus found that Beason had possessed a firearm "during the commission of the offense." Beason does not dispute that this testimony—if credible—provided an ample basis for that finding. Instead, he argues that the district court should not have found that testimony credible—because, he says, each

witness had testified out of self-interest. But the district court was not required to discredit their testimony based on that fact alone. *See Jeross,* 521 F.3d at 570; *United States v. Henley*, 360 F.3d 509, 516 (6th Cir. 2004). And Beason does not even attempt to show—he hardly could—that anything they said was "so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it." *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985). The district court did not err in finding the witnesses credible or in applying the enhancement.

The district court's judgment is affirmed.